**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOE KELLY ARMSTEAD, | No. 10-16324 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-01337-LRH |
| v. | |
| DWIGHT NEVEN, Warden and ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted August 29, 2011
San Francisco, California

Before: FISHER and RAWLINSON, Circuit Judges, and WRIGHT, District
Judge.[**]

Joe Kelly Armstead, a Nevada state prisoner, appeals the district court's

denial of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable Otis D. Wright, II, United States District Judge for the
Central District of California, sitting by designation.

pursuant to 28 U.S.C. § 2253. We review a district court's denial of a habeas petition *de novo* and its factual findings for clear error. *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011).

Federal habeas relief is warranted only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The standard of review is "highly deferential . . . [and] demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)).

Armstead first argues that he was denied his due process right to a fair trial because of alleged prosecutorial misconduct, which he maintains portrayed him as a drug dealer and supplied a motive for murder. He contends this inference had a substantial and injurious effect on the jury's verdict. The relevant inquiry is "whether the prosecutor['s] comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Neither the testimony elicited by the prosecutor nor the remarks during

2

closing argument infected the trial with unfairness rendering Armstead's conviction a denial of due process. There was no direct evidence that Armstead was a drug dealer, that he was selling or dealing drugs with Leal, or that the money Armstead allegedly demanded from Leal just prior to the shooting was from a drug transaction. Viewed against the backdrop of the overwhelming evidence against Armstead, including that he entered the trailer, engaged in a struggle with Leal, told Leal he wanted his money, possessed a gun, and shot Leal during the struggle, any alleged misconduct could have had only a slight effect on the jury, if at all. Thus, the denial of Armstead's petition for a writ of habeas corpus on this ground "was [not] contrary to, [n]or [did it] involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," nor "was [it] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Similarly, even assuming that the Nevada State Supreme Court improperly placed the burden of proof on Armstead to show that the alleged prosecutorial misconduct was prejudicial beyond a reasonable doubt, conducting an independent harmless error analysis we conclude that it was not likely that the alleged prosecutorial misconduct "had a substantial and injurious impact on the verdict."

3

*Taylor v. Maddox*, 366 F.3d 992, 1016-17 (9th Cir. 2004); *see also Brecht v. Abrahamson*, 507 U.S. 619 (1993).

Armstead also argues that the state trial court's denial of his motion for a new trial was an abuse of discretion because the alleged prosecutorial misconduct allowed the jury to improperly reach its verdict. The relevant inquiry is whether the decision of the trial court to deny the motion for a mistrial made the trial fundamentally unfair. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 75 (1991). For the reasons discussed above, we answer that question in the negative.

**AFFIRMED.**